## COMMONWEALTH v. JOE STEGALA.

[Abstract Kentucky Law Reporter, Vol. 3—686.]

**Right of Appeal.**

Where the commonwealth's attorney moved the trial court for a forfeiture of a bail bond, introduced the clerk of the court to identify the bond, and the court refused to permit the clerk to answer the questions put to him, but the court made no order whatever respecting the motion, there can be no appeal taken from the court's refusal to allow the offered evidence. Appeals are only allowed from final orders or judgments.

### APPEAL FROM FULTON CIRCUIT COURT.

March 4, 1882.

OPINION BY JUDGE LEWIS:

These five cases, being between the same parties and involving the same question, are heard and delivered together. It appears that an indictment was found at the September term, 1880, of the Fulton Circuit Court against appellee, in each of the five cases, and that a bail bond was given in each case. At the March term, 1881, the indictment in each case was set aside, and being re-referred to the grand jury a new indictment in each case was returned.

At the September term, 1880, the attorney for the commonwealth moved the court for a forfeiture of the bail bonds, and in support of his motion in four of the cases introduced the clerk of the court to identify the bonds. The court refused to permit the clerk to answer the questions put to him, but made no order whatever in respect to the motion to forfeit the bonds.

We are of opinion that it was never contemplated by the legislature that cases should be brought to this court by the commonwealth upon the rulings of the court below, upon the competency of testimony, before an order or judgment is rendered in the proceeding where the testimony is sought to be used.

The appeals are therefore *dismissed*.

*P. W. Hardin*, for appellant.

*William Lindsay*, for appellee.